**JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEWART MANAGO,<br><br>    Petitioner,<br><br>v.<br><br>DANIEL E. CUEVA, et al.,<br><br>    Respondents. | Case No. 5:24-cv-00780-MCS-KES<br><br>ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO FOLLOW COURT ORDERS AND LACK OF PROSECUTION |

**I.**

**BACKGROUND**

On March 18, 2024, Stewart Manago ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. (Dkt. 1.) Because the claims raised were ambiguous, the Court issued an order seeking clarification. (Dkt. 7.) In May 2024, Petitioner clarified that he was voluntarily dismissing all grounds for relief except Ground One. (Dkt. 8.) Ground One alleged that "he was denied his federal right to a speedy trial" because, while he was representing himself in his criminal case, correctional staff confiscated his

1

"work product" in September 2018, which delayed his trial.  (Id.)

The Court ordered service of the Petition.  (Dkt. 10.)  The Court warned Petitioner that failing to keep the Court apprised of his mailing address could result in dismissal. (Id. at 4.)

On June 20, 2024, Respondent moved to dismiss the Petition, alleging that Ground One was unexhausted.  (Dkt. 13.)  Petitioner responded by asking for a stay under Rhines v. Weber, 544 U.S. 269 (2005).  (Dkt. 16.)  In July 2024, the Court granted a Rhines stay so that Petitioner could exhaust Ground One in state court.  (Dkt. 19 (the "Stay Order").)  The Stay Order required Petitioner to file status reports every sixty days to update the Court on the status of his exhaustion efforts.  (Id. at 5.)

About this same time, Petitioner filed several motions asking for copies of his state court appellate record and exhibits to the motion to dismiss.  Petitioner's filings established that when he filed the Petition in March 2024, he was housed at the California Medical Facility ("CMF") in Vacaville, California.  (Dkt. 1 at 1 (return address).)  On or about June 6, 2024, he was transferred to the West Valley Detention Center ("WVDC") in Rancho Cucamonga, California, so that he could attend proceedings in a state court criminal case.  (See Dkt. 20 at 2 (citing People v. Manago, Case No. FVI17003315 (San Bernardino Sup. Ct.).)  Petitioner told the Court that he had copies of the legal documents he needed to write an exhaustion petition at CMF but not at WVDC.  In August 2024, the Court denied Petitioner's request for new copies of his state court records but ordered him to continue to file regular status reports and inform the Court when he moved back to CMF.  (Dkt. 23.)

Petitioner filed his first status report in September 2024.  (Dkt. 25.)  He wrote, "Petitioner will not be returning to [CMF] anytime soon."  (Id. at 2.)  The Court ordered that Petitioner's next status report address certain questions.  (Dkt. 24.)  In October 2024, Petitioner filed his second status report.  (Dkt.

26.)  Petitioner repeated that he could not draft his exhaustion petition at WVDC because of lack of access to his state court records.  (Id. at 2.)  He told the Court that he had appointed counsel, Attorney O'Connor, who was helping him seek relief in state court on other claims, including Racial Justice Act claims and claims for re-sentencing.  (Id. at 4.)

After more than one year had passed with no status report from Petitioner, in December 2025, Petitioner filed a civil rights case, Manago v. Long, C.D. Cal. case no. 5:25-cv-03477-MCS-KES (ultimately dismissed because Petitioner has three strikes under the Prison Litigation Reform Act).  A notice of change of address filed in that case alerted the Court that Petitioner had been transferred from WVDC to Wasco State Prison.  (Dkt. 28.)  Since the Court expected Petitioner to have access to his records once back at a state prison, on January 5, 2026, the Court issued an order reminding Petitioner that he needed to file a status report "stating (1) whether he now has access to his legal records at Wasco (and if not, why not); and (2) his estimate of time needed to file a state exhaustion petition for Ground One."  (Id. at 2.)

In February 2026, the Court checked the California Department of Corrections and Rehabilitation ("CDCR") website and learned that Petitioner had been transferred back to CMF.  (Dkt. 29.)  The Court re-mailed the reminder to file status reports to Petitioner at CMF.  (Dkt. 29.)  When the Court received no response, on May 14, 2026, the Court issued an Order to Show Cause ("OSC") by June 8, 2026, why the habeas action should not be dismissed based on Petitioner's failure to file status reports as required by the original 2024 Stay Order (Dkt. 19) and the Court's subsequent reminders (Dkt. 23, 27, 28, 29).  Petitioner failed to timely respond to the OSC.

As of the date of this order, Petitioner has not filed anything in this habeas action since October 2024.  (Dkt. 26.)  According to the CDCR website, he is still housed at CMF.  (See CDCR Inmate Locator, https://ciris.mt.cdcr.ca.gov/search,

last checked June 29, 2026.)

## II.

## LEGAL STANDARD

A district court may dismiss an action for failure to prosecute, failure to follow court orders, or failure to comply with the federal or local rules. See Fed. R. Civ. P. 41(b); Link v. Wabash R. Co., 370 U.S. 626, 629-30 (1962); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). Central District of California Local Rule 41-1 provides, "Civil suits which have been pending for an unreasonable period of time without any action having been taken therein may, after notice, be dismissed for want of prosecution."[1]

The Court has discretion to dismiss the action with or without prejudice. See Fed. R. Civ. P. 41(b) ("[u]nless the dismissal order states otherwise," or certain exceptions apply, a dismissal pursuant to Federal Rule of Civil Procedure 41(b) "operates as an adjudication on the merits"); Local Rule 41-2 ("[u]nless the Court provides otherwise, any dismissal pursuant to [Local Rule] 41-1 shall be without prejudice"); Al-Torki v. Kaempen, 78 F.3d 1381, 1385 (9th Cir. 1996) ("Dismissal with prejudice and default on counterclaims, for willful and inexcusable failure to prosecute, are proper exercises of discretion under Federal Rules of Civil Procedure 41(b), 16(f), and the inherent power of the court.").

In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders, the Ninth Circuit has instructed district courts to consider the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the respondents; (4) the availability of less drastic sanctions; and

---

[1] The Local Rules of the U.S. District Court for the Central District of California are available online at: https://www.cacd.uscourts.gov/court-procedures/local-rules.

(5) the public policy favoring disposition of cases on their merits.  In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006); Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002).  The test is not "mechanical," but provides a "non-exhaustive list of things" to "think about." Valley Eng'rs v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998).

## III.

## DISCUSSION

Here, the first two factors favor dismissal.  The first factor—the public's interest in the expeditious resolution of litigation—"always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).  The second factor— the Court's need to manage its docket—favors dismissal here because Petitioner's "noncompliance has caused [this] action to come to a complete halt, thereby allowing [him] to control the pace of the docket rather than the Court."  Id. (internal quotations marks omitted).

The third factor—prejudice to Respondents—weighs in favor of dismissal, although perhaps not as strongly as some of the other factors.  Here, Petitioner has neither complied with the Stay Order for over a year nor responded to the OSC, causing unreasonable delay.  Although the presumption of prejudice may be rebutted, the presence or absence of prejudice caused by a delay is not a decisive factor when determining whether to dismiss a case for failure to prosecute, especially when a party has repeatedly ignored the Court's deadlines.  Id. at 1452-53; see Henderson v. Duncan, 779 F.2d 1421, 1425 (9th Cir. 1986) ("Where counsel continues to disregard deadlines, warnings, and schedules set by the district court, we cannot find that a lack of prejudice to defendants is determinative . . . [and] we find no abuse of discretion in the district court's dismissal with prejudice."); see also Daniels v. Brennan, 887 F.2d 783, 788 (7th Cir. 1989) ("A trial court's authority to dismiss a case is not dependent on a showing of prejudice by the defendant.").

The fourth factor—availability of less drastic sanctions—favors dismissal. The Court warned Petitioner that failure to keep the Court apprised of his mailing address could result in dismissal, and that failure to respond to the OSC might result in a dismissal of this action. (Dkt. 10, 30.) See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) ("a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement") (citation omitted).

The fifth factor—public policy favoring a disposition of an action on its merits—arguably weighs against dismissal here. Pagtalunan, 291 F.3d at 643. However, "this factor 'lends little support' to a party whose responsibility it is to move the case toward disposition on the merits but whose conduct impedes progress in that direction." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d at 1228 (recognizing that a party's failure to comply with deadlines prevents resolution on the merits). Thus, this factor is somewhat mitigated by the fact that Petitioner has repeatedly missed filing deadlines while initiating new civil rights litigation. Moreover, Petitioner can seek relief from his state court conviction in state court, and he has been pursuing such relief with the assistance of appointed counsel.

Given that the enumerated factors largely support dismissal, this action will be dismissed pursuant to Rule 41(b) and Local Rule 41-1. Considering all of the circumstances, and in particular given that Petitioner is incarcerated and proceeding pro se, the dismissal shall be without prejudice.

## IV.

## CONCLUSION

IT IS THEREFORE ORDERED that this action is dismissed without prejudice for failure to prosecute.

DATED: July 1, 2026

MARK C. SCARSI
UNITED STATES DISTRICT JUDGE

Presented by:

KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE

7